UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

NATIONSTAR MORTGAGE LLC,

                      Plaintiff,

    -against-                                5:16-CV-0279 (LEK/ATB)

JEANETTE MOODY, Individually and
as Surviving Joint Tenant with Rights
of Survivorship of Mildred Moody,

                      Defendant.

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Nationstar Mortgage, LLC commenced this action alleging that Defendant Jeanette Moody defaulted on her mortgage. Dkt. No. 1 ("Complaint"). Presently before the Court is Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b). Dkt. Nos. 11 ("Motion"), 12 ("Affirmation"), 12-1 to -8 ("Exhibits"). For the following reasons, the Motion is denied.

**II.    BACKGROUND**

Defendant is a resident of New York. Compl. ¶ 3. Plaintiff is a limited liability company with two members, both of which are LLCs owned by a single Delaware corporation, that also has its principal place of business in Delaware. Id. ¶ 2. In March 2007, Defendant executed and delivered a promissory note and mortgage for the amount of $147,000.00 in connection with a property located in Onondaga County. Id. ¶ 8–9. Since July 1, 2015, Defendant defaulted on her loan by failing to make payments due on the promissory note and mortgage. Id. ¶ 11. On November 5, 2015, Plaintiff commenced the present action. Compl. Defendant did not file a

responsive pleading, and on May 6, 2016, the Clerk filed an Entry of Default against Defendant at Plaintiff's request. See Dkt. No. 8. On June 10, 2016, Plaintiff filed the instant Motion. Mot. Plaintiff is seeking an award on the promissory note and mortgage of: $146,983.46 in principal, plus accrued interest from June 1, 2015, through May 19, 2016, at 6.75%, in the amount of $9,583.86, general fees and disbursements of $1,075.00, disbursements for hazard insurance in the amount of $2,674.00, taxes in the amount of $8,507.76, property inspection fees of $90.00, property preservation fees of $1,050.59, and attorney fees of $2,900.00. Dkt. No. 12-7 ("Statement of Damages") at 1–2.

## II.  LEGAL STANDARD

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." Elec. Creations Corp. v. Gigahertz, Inc., No. 12-CV-1423, 2013 WL 3229125, at *3 (N.D.N.Y. June 25, 2013) (quoting Robertson v. Doe, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008)). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default." Id. (quoting Robertson, 2008 WL 2519894, at *3). Second, under Federal Rule of Civil Procedure 55(b)(2), "the party seeking default judgment is required to present its application for entry of judgment to the court." Id. ( quoting Robertson, 2008 WL 2519894, at *3).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established

2

by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974); see also Bravado Int'l, 655 F. Supp. 2d at 190. "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." United States v. Hill, No. 12-CV-1413, 2013 WL 474535, at *1 (N.D.N.Y. February 7, 2013) (quoting Overcash v. United Abstract Grp., Inc., 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008)). "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189. "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190 (quoting Fustok v. Conticommodity Servs., Inc., 122 F.R.D. 151, 156 (S.D.N.Y. 1988)).

Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) a clerk's certificate of entry of default; (2) a proposed form of default judgment; (3) a copy of the pleading to which no response has been made; and (4) an affidavit. L.R. 55.2(b). The affidavit must set forth that: (1) the party against whom judgment is sought is not an infant, incompetent, or in military service; (2) the party against whom judgment is sought has defaulted in appearance in the action; (3) service was properly effected under Federal Rule of Civil Procedure 4; (4) the amount sought is justly due and owing, and no part has been paid; and (5) the disbursements sought to be taxed have been made in the action or will necessarily be made or incurred. L.R. 55.2(a).

## III. DISCUSSION

In the present case, Plaintiff has failed to comply with Local Rule 55.2(b), which requires the affidavit or affirmation to set forth the five elements listed above. Notably, Plaintiff neglected

3

to affirm that the party against whom judgment is sought is not an infant or incompetent.[1] Plaintiff complied with the other elements required for an affirmation, stating that the party against whom judgment is sought has defaulted in appearance in the action, Affirmation ¶¶ 9–10, and that service was properly effected under Rule 4 of the Federal Rules of Civil Procedure, Id. ¶ 7. Although the Plaintiff did not directly set forth the fourth or fifth requirements in its Affirmation, Plaintiff's attached Exhibits, including affidavits by other individuals, are sufficient to fulfil those requirements. However, since the first required element of the Affirmation is lacking, Plaintiff's Motion must be denied. If Plaintiff wishes to file a new motion for default judgment, it must do so **within thirty (30) days** after the entry of this Decision and Order. Plaintiff's new motion must conform to the requirements of the Federal Rules of Civil Procedure and the Local Rules, and must contain the supporting documentation required by statute and rule. Failure to file a conforming motion will result in dismissal of this action.

IV.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 11) for default judgment is **DENIED**; and it is further

**ORDERED**, that if Plaintiff wishes to file a new motion for default judgment, the motion must comply with the Federal Rules of Civil Procedure and the Local Rules and be filed **within thirty (30) days** after the entry of this Decision and Order; and it is further

**ORDERED**, that if Plaintiff does not file a new, conforming motion **within thirty (30)**

---

[1] An affidavit of service attached as Exhibit C indicates that Defendant is not in military service, but no language in the Affirmation directs the Court's attention to the significance of the affidavit. Dkt. No. 12-3

**days**, this action will be **DISMISSED** without further order of the Court, and the Clerk is directed to enter judgment accordingly and close the case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:     August 09, 2016
           Albany, New York

_Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge